**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RAMON ANTONIO MEDINA-RODRIGUEZ** **PLAINTIFF**

**v.** **CIVIL NO. 1:26-cv-00057-HSO-BWR**

**CHIEF OF SHERIFF'S DPT. DETENTION FACILITY, et al.** **DEFENDANTS**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I. BACKGROUND

When he filed his Complaint on February 25, 2026, pro se Plaintiff Ramon Antonio Medina-Rodriguez was an inmate housed at the Federal Correctional Institution in Yazoo City, Mississippi. Compl. [1] at 2. Plaintiff's claims purportedly arise under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 3. Plaintiff names three Defendants: (1) Chief of Sheriff's Dpt. Detention Facility at Hancock, Mississippi, (2) General Hospital Jackson, Mississippi, and (3) Acting Warden D. Thomas. *Id.* at 1. Plaintiff is proceeding *in forma pauperis*. Order [8].

The Court is presently screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*. During that process, on July 8, 2026, a piece of mail addressed to Plaintiff was returned to the Court as undeliverable in an envelope marked, "person no longer here." Envelope [14] at 1. Accordingly, on July 9, 2026,

the Court ordered Plaintiff, on or before July 23, 2026, to "file a written response to advise the Court whether he wants to proceed with this lawsuit." Order [15] at 1. Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id.* That Order [15] was mailed to Plaintiff at his last-known mailing address, and it was returned as undeliverable in an envelope marked, "person no longer here." Envelope [16] at 1. Plaintiff did not comply with the Court's Order [15] by the July 23 deadline.

On August 6, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's previous Order [15]. Order [17] at 2. Plaintiff's responsive deadline was extended to August 20, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* The Order to Show Cause [17] and a copy of the July 9 Order [15] were mailed to Plaintiff at his last-known mailing address, and they were also returned as undeliverable in an envelope marked, "person no longer here." Envelope [18] at 1. Plaintiff did not comply with the Order to Show Cause [17] by the August 20 deadline.

On August 31, 2026, the Court entered a Second and Final Order to Show Cause [19], allowing Plaintiff another chance to show cause for his failure to comply with the Court's Orders. Order [19] at 2. Plaintiff's responsive deadline was

extended yet again to September 14, 2026, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* at 2-3 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [17] [15]." *Id.* at 3. The Second and Final Order to Show Cause [19], a copy of the Order to Show Cause [17], and a copy of the July 9 Order [15] were mailed to Plaintiff at his last-known mailing address, and they were yet again returned as undeliverable in an envelope marked, "person no longer here." Envelope [20] at 1. To date, Plaintiff has not responded to the Court's July 9, August 6, or August 31 Orders [15], [17], [19], and he has not notified the Court of his current mailing address.

## II. DISCUSSION

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also,*

*e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (per curiam) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (per curiam) (same).

Plaintiff has been warned ten times that it is his responsibility to prosecute this case, which includes an ongoing obligation to comply with the Court's orders and to advise the Court of his current mailing address. Second and Final Order to Show Cause [19] at 2-3; Order to Show Cause [17] at 2; Order Requiring Plaintiff to Respond [15] at 1; Order to Show Cause [10] at 2; Order Requiring Plaintiff to Respond [9] at 2-3; Order Setting Payment Schedule [8] at 2; Order [6] at 2; Order [4] at 2; Order Directing Plaintiff to Sign Complaint [2] at 1; Notice of Assignment [1-2] at 1. Despite these warnings, Plaintiff has failed to comply with three Court Orders [15], [17], [19], and he has taken no action in this case for more than three months, including his failure to advise the Court of his updated mailing address. Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff. It is apparent that he no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (per curiam) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 7th day of October, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE